Erwin Selvyn MAZARIEGOS–
MENDEZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICES,
Respondent.

No. 01–71906.

INS No. A70–536–962.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2002.*

Decided Dec. 9, 2002.

Before RYMER, THOMAS and
SILVERMAN, Circuit Judges.

MEMORANDUM**

Erwin Selvyn Mazariegos–Mendez petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of removal. Because the parties are familiar with the facts and procedural history, we will not recount them here. We deny the petition for review.

Mazariegos bears the burden of showing eligibility for asylum, which includes demonstrating a well-founded fear of persecution *on account of* political opinion, race, nationality, religion, or membership in a particular social group. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir.1999). This, in turn, requires Mazariegos to present *some* evidence of his persecutors' mo- tives, whether direct or circumstantial. *INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The record in this case provides substantial evidence in support of the BIA's factual conclusions. Mazariegos offered no testimony that the guerrillas alluded to his political affiliation while attacking his friend, that they previously suspected his pro-government stance, or that they have targeted other similarly situated family members.

Mazariegos' primary allegation is that the guerrillas imputed a political opinion to him. However, absent additional evidence that the guerrillas acted based upon that imputed opinion, such as statements they made or evidence that other family members were also targeted for their political activity, that assertion is an insufficient basis to warrant relief. *Compare Cordon–Garcia v. INS*, 204 F.3d 985, 991–92 (9th Cir.2000), *with Pedro–Mateo v. INS*, 224 F.3d 1147, 1150–51 (9th Cir.2000), *and Tecun–Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir.2000).

In addition, the record offers substantial evidence in support of the BIA's conclusion that Mazariegos failed to show a well-founded fear of future persecution. First, his father, who also participated in the civil patrol ambush, continued to live in Las Cruces for many years without serious difficulty. Second, Mazariegos lived in Guatemala City for several months without incident, suggesting that he could successfully relocate within the country. Third, the 1996 peace accords ended the civil war and significantly changed country conditions.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Given the State Department report of declining guerrilla problems and Mazariegos' admission that he lived and worked in Guatemala City immediately after his flight, the record does not compel the conclusion that Mazariegos still faces a well-founded fear of persecution.

**PETITION FOR REVIEW DENIED.**

